UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,   Case No. 3:18-cr-456

        Plaintiff,

    v.   MEMORANDUM OPINION
           AND ORDER

Aaron L. Maddox,

        Defendant.

## I.    INTRODUCTION

Defendant Aaron Maddox filed a motion seeking to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 as to one of the seven charges to which he pled guilty. (Doc. No. 29). The government filed a brief in response. (Doc. No. 32). Maddox subsequently filed a motion to withdraw his § 2255 motion. (Doc. No. 40).

Maddox also filed a motion for compassionate release pursuant to 18 U.S.C. § 3582. (Doc. No. 33). The government opposes that motion as well. (Doc. No. 37).

For the reasons stated below, I deny each of Maddox's motions.

## II.    BACKGROUND

On August 15, 2018, Maddox was charged by information with six counts of interfering with commerce by threats or violence, in violation of 18 U.S.C. § 1951(a), and one count of use of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and (C)(1)(A)(ii). (Doc. No. 11). Maddox waived his right to be charged by indictment and pled guilty to all seven counts. (Doc. Nos. 14 and 22).

On May 1, 2019, I sentenced Maddox to a total of 252 months in prison, pursuant to his Rule 11(c)(1)(C) plea agreement – 168 months as to Counts 1-6, to be served concurrently, and 84 months as to count 7, to run consecutive to Counts 1-6. (Doc. No. 23 at 3). I also ordered Maddox to serve a total of 5 years on supervised release. (*Id.* at 4).

On August 12, 2020, Maddox filed a motion for an extension of time to file a notice of appeal. (Doc. No. 25). I denied that motion for lack of jurisdiction. (Doc. No. 26). Maddox subsequently filed two motions for appointment of counsel, both of which I denied. (*See* Doc. No. 30).

Maddox then filed his motion to vacate his conviction and sentence as to Count 7 and his motion for compassionate release. Later, he filed another motion for the appointment of counsel, (Doc. No. 39), which I also denied. (Doc. No. 41). While that motion was pending, Maddox filed a motion to withdraw his § 2255 motion. (Doc. No. 40).

### III.    DISCUSSION

#### A.    SECTION 2255

Maddox seeks to vacate his conviction and sentence as to Count 7, use of a firearm during a crime of violence. (Doc. No. 29). He argues he is actually innocent of Count 7 and, therefore, his conviction is invalid. (Doc. No. 29-2 at 3). He also contends: (i) his plea was involuntary because his attorney allegedly was unaware of the law relevant to the statute that Maddox was charged with violating; (ii) counsel's alleged lack of knowledge of relevant law constitutes prejudice to excuse Maddox's failure to file a timely § 2255 motion; and (iii) his attorney failed to file a timely appeal despite allegedly being instructed to do so by Maddox. (*Id.* at 5-7).

The government opposes Maddox's motion, arguing in part that I should deny the motion because Maddox filed it outside of the one-year statute of limitations. (Doc. No. 32 at 8-10). The government also argues Maddox's claims fail on their merits. (*Id.* at 10-18).

After the government filed its brief in opposition to his § 2255 motion, Maddox filed a motion to withdraw his motion, so that he could file a "second or successive petition without [prejudice]." (Doc. No. 40 at 1). While Maddox did not elaborate further on his reasons for withdrawing his motion or the grounds and arguments he might pursue in a future § 2255 motion, the circumstances surrounding his motion to withdraw demonstrate he seeks to avoid a ruling denying his § 2255 motion.

When faced with similar circumstances, other courts have denied a petitioner's motion to withdraw where "it is 'apparent the petitioner withdrew his motion to obtain a tactical advantage in the face of impending defeat.'" *United States v. Hamilton*, Case No. 19-10097, 2019 WL 2208236, at *2 (E.D. Mich. May 22, 2019) (quoting *Provenzale v. United States*, 388 F. App'x 285, 287 (4th Cir. 2010)); *see also In re Moore*, 735 F. App'x 883, 886 (6th Cir. 2018) (holding a petitioner may not avoid the restrictions on successive petitions stated in 28 U.S.C. § 2244(b) by withdrawing an initial § 2255 motion when the withdraw is a clear "attempt to evade the result that was inevitably coming").

Maddox knew from the beginning that he faced a significant hurdle, claiming in his initial filing he could "show cause and prejudice why [he] didn't meet [the] one-year statute of limitations." (Doc. No. 29 at 10). But his explanation – that his trial attorney did not file a notice of appeal despite Maddox's request – does not justify his delay in filing his § 2255 motion. Nor did Maddox offer any counterarguments to the government's argument as to why his motion is time barred, instead choosing to file the motion to withdraw. I conclude Maddox's motion to withdraw is designed only to avoid the inevitable denial of his § 2255 motion and deny it on that basis.

Section 2255 permits a defendant to challenge the sentence he received through a claim that the defendant's sentence was "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Defendants challenging their sentence under § 2255 must identify a constitutional error, "a fundamental defect which inherently results in a complete miscarriage of

justice, . . . an omission inconsistent with the rudimentary demands of fair procedure[, or] exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Hill v. United States*, 368 U.S. 424, 428 (1962) (citations and internal quotation marks omitted).

Section 2255 contains a one-year limitations period, which begins to run on the latest date of one of four circumstances. *See* 28 U.S.C. § 2255(f)(1)-(4). The circumstance most pertinent to this case is stated in subsection (1) – "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). When a defendant does not file a notice of appeal, the defendant's judgment of conviction becomes final fourteen days after the entry of judgment. *Johnson v. United States*, 457 F. App'x 462, 464 (6th Cir. 2012) (quoting *Sanchez–Castellano v. United States,* 358 F.3d 424, 427 (6th Cir. 2004)). *See also* Fed. R. Crim. P. 4(b)(1)(A).

Maddox failed to comply with the statute of limitations. His judgment of conviction was entered on May 1, 2019, and became final on May 15, 2019, after the appeal window closed. Thus, § 2255(f) required Maddox to file his § 2255 motion on or before May 15, 2020. Maddox did not file his motion until December 2020, well after the expiration of the one-year deadline. (*See* Doc. No. 29 at 12; Doc. No. 29-3 at 1).

As I noted above, Maddox does not identify any basis upon which to excuse his late filing. Even if I were to credit his assertion his trial attorney did not file a notice of appeal at his request, Maddox fails to explain how that alleged failure prevented him from filing his § 2255 motion until seven months after the May 2020 deadline passed.

I conclude Maddox's § 2255 motion is barred by the statute of limitations.

B.     **MOTION FOR COMPASSIONATE RELEASE**

Maddox also filed a motion for compassionate release under the First Step Act. (Doc. No. 33). Maddox contends he has health conditions which place him at higher risk of serious

complications if he were to contract Covid-19, including high blood pressure and a history of smoking. (*Id.* at 4-5). He also claims he is immunocompromised. (*Id.* at 5). He asserts he should be granted compassionate release because he is exposed to a "high risk of contracting Covid-19" by being incarcerated "in the midst of a worldwide pandemic." (*Id.* at 9-10).

This motion contains yet another request for the appointment of counsel. (*Id.* at 5-8); (*see* Doc. Nos. 30 and 41). While Maddox claims he has a constitutional right to counsel during these proceedings, (Doc. No. 33 at 6-7), the Supreme Court has explicitly held otherwise. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (reiterating "the right to appointed counsel extends to the first appeal of right, and no further"). Therefore, I deny his motion for the appointment of counsel.

The First Step Act of 2018 amended the circumstances under which a court may order a defendant's compassionate release from incarceration. While previously a court could modify the defendant's compassionate release only after the Director of the Bureau of Prisons filed a motion for release, the First Step Act now permits a defendant to file a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1).

Maddox asserts he has complied with the exhaustion requirement, as more than 30 days passed between the date on which he submitted his administrative request and the date on which he filed his motion. (Doc. No. 33 at 9).

"The compassionate release provision permits the district court to reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons' warrant a reduction; that a reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and that the § 3553(a) factors, to the extent they apply, support a reduction." *United States v. Allen*, 819 F. App'x 418, 419 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)). A district court also must

consider all relevant § 3553(a) factors to determine whether those factors would support a modified or reduced sentence. *United States v. Jones*, 980 F.3d 1098, 1114-15 (6th Cir. 2020). "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1108).

Even if I were to assume Maddox could establish his medical conditions are extraordinary and compelling reasons to support a reduced sentence, he has not met his burden of showing a modified or reduced sentence would comply with § 3553(a). Maddox has served less than 25% of the 21-year sentence I imposed after he pled guilty to six counts of robbery, each of which involved a firearm. (Doc. No. 20 at 5). He fails to show a sentence reduction would be consistent with the § 3553(a) factors, including the nature and circumstances of the offense of conviction and the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and to protect the public from future criminal behavior. 18 U.S.C. § 3553(a)(1)-(2).

## IV. CONCLUSION

For the reasons stated above, I deny Maddox's § 2255 motion, (Doc. No. 29), his motion for appointment of counsel and compassionate release, (Doc. No. 33), and his motion to withdraw his § 2255 motion. (Doc. No. 40).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge