UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


United States of America,                                    Case No. 3:18-cr-456

        Plaintiff,

    v.                                                   MEMORANDUM OPINION
                                                             AND ORDER

Aaron L. Maddox,

        Defendant.

## I.    INTRODUCTION AND BACKGROUND

Defendant Aaron Maddox has filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60.  (Doc. No. 43).  He claims I made a mistake in denying his motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 as well as his motion to withdraw his § 2255 motion.  (*Id.*).

On August 15, 2018, Maddox was charged by information with six counts of interfering with commerce by threats or violence, in violation of 18 U.S.C. § 1951(a), and one count of use of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and (C)(1)(A)(ii).  (Doc. No. 11).  Maddox waived his right to be charged by indictment and pled guilty to all seven counts. (Doc. Nos. 14 and 22).

On May 1, 2019, I sentenced Maddox to a total of 252 months in prison, pursuant to his Rule 11(c)(1)(C) plea agreement – 168 months as to Counts 1-6, to be served concurrently, and 84 months as to count 7, to run consecutive to Counts 1-6.  (Doc. No. 23 at 3).  I also ordered Maddox to serve a total of 5 years on supervised release.  (*Id.* at 4).

On August 12, 2020, Maddox filed a motion for an extension of time to file a notice of appeal.  (Doc. No. 25).  Within that motion, he alleged he sent an earlier letter in April 2020 requesting an extension of the appeal deadline.  (*Id.* at 1).  I denied that motion for lack of jurisdiction.  (Doc. No. 26).

Maddox then filed his motion to vacate his conviction and sentence as to Count 7 and his motion for compassionate release.  (Doc. No. 29).  While that motion was pending, Maddox filed a motion to withdraw his § 2255 motion.  (Doc. No. 40).

I concluded Maddox's motion to withdraw was designed only to avoid the inevitable denial of his § 2255 motion and denied it on that basis.  (Doc. No. 42 at 3).  I also concluded his § 2255 motion was barred by the statute of limitations and denied that motion as well.  (*Id.* at 3-4).

## II.    DISCUSSION

Maddox moves for relief from judgment pursuant to Rule 60(b).  (Doc. No. 43).  He argues I erred in denying his § 2255 motion because the deadline for filing that motion should have been tolled because he was "under the impression" his attorney had filed a notice of appeal as requested and that the appeal was pending.  (*Id.* at 1).  He also argues I erred in denying his motion for an extension of the appeal deadline because his attorney's alleged failure to file an appeal as requested satisfies the excusable neglect standard found in Federal Rule of Appellate Procedure 4(a)(5).  (*Id.* at 2).

Rule 60(b) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

2

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  A party "seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

Maddox fails to show he is entitled to relief under Rule 60(b).  In similar circumstances, the Sixth Circuit has held that a defendant is not entitled to equitable tolling of the § 2255 filing deadline based upon the defendant's mistaken belief "that counsel was prosecuting an appeal on his behalf" when the defendant "failed in his duty to monitor the status of his appeal." *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001); *see also Moore v. United States*, 438 F. App'x 445, 450 (6th Cir. 2011) (denying defendant's request for equitable tolling after concluding defendant failed to provide evidence he acted with due diligence in following up on his alleged appeal).

Similarly, Maddox fails to show he acted with due diligence.  Maddox does not allege he attempted to contact his attorney before his first alleged attempt to contact this Court in April 2020. (*See* Doc. No. 25).  He then waited another four months before filing his motion to re-open the appeal period.  Maddox offers no basis upon which I could conclude that a delay of 11-15 months constitutes the exercise of due diligence.  *Cf. Granger v. Hurt*, 90 F. App'x 97, 100 (6th Cir. 2004) (concluding defendant's two-month delay in inquiring about the status of his appeal constituted due diligence).

Maddox has not shown I erred in denying his motion to extend the appeal deadline or in denying his § 2255 motion as untimely.  Therefore, I deny his Rule 60(b) motion.

### III.    CONCLUSION

For the reasons stated above, I deny Maddox's motion for relief from judgment.  (Doc. No. 43).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge